Alexander HYATT, Plaintiff–Appellant,

v.

METROPOLITAN TRANSPORTATION AUTHORITY, Internal Revenue Service, Defendants–Appellees.

No. 08–5566–cv.

United States Court of Appeals, Second Circuit.

March 19, 2010.

Alexander Hyatt, Brooklyn, NY, pro se.

Kristen M. Nolan, Office of the General Counsel, New York City Transit Authority, Brooklyn, NY; Bridget M. Rowan, Patrick J. Urda, Tax Division, Department of Justice, Washington, D.C., for Defendants–Appellees.

154

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Appellant Alexander Hyatt appeals from the district court's judgment dismissing the complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). With respect to Fed.R.Civ.P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

We affirm the district court's judgment dismissing the complaint for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion.

As to the MTA's motion for sanctions, while Hyatt's arguments on appeal are clearly meritless, there is no indication that he was appealing the district court's judgment in bad faith, or that he has made similar arguments in federal courts in the past. *See, e.g., In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119–20 (2d Cir. 2000) (imposing sanctions because the appeal was taken in bad faith, and the appel-

lant had raised identical frivolous arguments in at least three other federal courts). Accordingly, the MTA's motion for sanctions is hereby **DENIED** and the judgment of the district court is hereby **AFFIRMED.**